IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 05-cr-478-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **JAMES HUBER**,

    Defendant.

## ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant James Huber's July 7, 2021 letter to the Court (ECF No. 113) and his September 13, 2021 supplemental letter (ECF No. 114), which the Court construes as a motion for reconsideration ("Motion") of the Court's October 26, 2020 Order Denying Defendant's Motion for Compassionate Release ("Prior Order") (ECF No. 107).  For the reasons stated below, the construed Motion is denied.

In the Prior Order, the Court denied Defendant's motion for compassionate release, ruling:

> However, although the facts of Mr. Huber's underlying crimes were very serious and extraordinarily violent, the Court is of the view that Mr. Huber's request for compassionate release is in fact a very close call.  Driving this conclusion is the record evidence of Mr. Huber's medical conditions, his PTSD diagnosis, and his exemplary record as an inmate.  Nonetheless, the Court finds that Mr. Huber's request for compassionate release is not warranted at this time and denies Mr. Huber's Motion without prejudice.  It is

> the Court's judgment that a motion for compassionate release brought after Mr. Huber has been in custody for at least twenty years would enjoy greater equities in its favor under § 3553(a).

(ECF No. 107 at 9.)

While Defendant does not challenge the Court's conclusion that a 20-year sentence is appropriate in his case, he asks the Court to nonetheless "make that determination final by resentencing" Defendant to a term of twenty years' imprisonment. (ECF No. 113 at 1.)   Defendant explains that he has availed himself of every course and program available to him and would become eligible for additional courses if he was nearing release; that he would have access to better medical care outside of prison; and that he would be able to find and hold a good job in the current economic environment. (*Id.* at 1–2.)  In his supplemental letter, Defendant further emphasizes that he is enrolled in the Veterans' Administration healthcare system and that the lockdowns imposed in response to the COVID-19 pandemic have been "by far the worst" lockdowns that he has endured during his incarceration.  (ECF No. 114.)

After carefully considering Defendant's Motion, the Court cannot conclude that reconsideration of the Prior Order is warranted.  In this Circuit, grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  While the Court is sympathetic to Defendant's arguments, the Motion fails to establish any of the grounds for reconsideration set forth in *Servants of the Paraclete*. As such, Defendant's request for reconsideration is denied.

Moreover, to the extent that the Motion can instead be construed as a motion to

correct or reduce a sentence pursuant to Federal Rule of Criminal Procedure 35, the Motion is likewise due to be denied.  After all, the Motion—filed over 14 years after his sentencing—does not fall within the timeline proscribed by Rule 35(a) to correct a sentence for clear error.  See Fed. R. Crim. P. 35(a) ("[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error").  Nor does Defendant request or otherwise show he is entitled to a reduction in his sentence for substantial assistance pursuant to Rule 35(b).  (See ECF Nos. 113, 114.)

Accordingly, for the reasons set forth above, the Court ORDERS that Defendant's construed Motion (ECF Nos. 113, 114) is DENIED.

Dated this 1st day of December, 2021.

BY THE COURT:

William J. Martinez
United States District Judge